1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TONY DEVON NELSON, JR.,                    No.  2:12-cv-0478 DAD

12              Plaintiff,

13        v.                                     ORDER

14    CAROLYN W. COLVIN, Commissioner
      of Social Security,
15

16              Defendant.

17

18            This social security action was submitted to the court without oral argument for

19    ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

20    judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-

21    motion is denied, the decision of the Commissioner of Social Security (Commissioner) is

22    reversed, and the matter is remanded for further proceedings consistent with this order.

23                              PROCEDURAL BACKGROUND

24            On January 27, 2009, plaintiff filed an application for Supplemental Security

25    Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability

26    beginning on January 9, 2008.  (Transcript ("Tr.") at 131.)  Plaintiff's application was denied

27    initially and upon reconsideration.  (Id. at 74-78, 81-85.)  Thereafter, plaintiff requested a hearing

28    and a hearing was held before an Administrative Law Judge ("ALJ") on October 6, 2010.  (Id. at

                                                  1

1   44-65.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  In a

2   decision issued on October 22, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 38.)

3         The ALJ entered the following findings:

4         1.  The claimant has not engaged in substantial gainful activity
    since January 13, 2009, the application date (20 CFR 416.971 *et*
5   *seq.*).

6         2.  The claimant has the following severe impairments:  borderline
    intellectual functioning, antisocial personality disorder, and obesity
7   (20 CFR 416.920(c)).

8         3.  The claimant does not have an impairment or combination of
    impairments that meets or medically equals one of the listed
9   impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
    416.920(d), 416.925 and 416.926).
10

11        4.  After careful consideration of the entire record, I find that the
    claimant has the residual functional capacity to perform medium
    work as defined in 20 CFR 416.967(c) except unskilled work with
12  limited contact with the public and coworkers.

13        5.  The claimant is capable of performing past relevant work as a
    laminating-machine offbearer (569.686-046, medium performed at
14  light, svp 2).  This work does not require the performance of work-
    related activities precluded by the claimant's residual functional
15  capacity (20 CFR 416.965).

16        6.  The claimant has not been under a disability, as defined in the
    Social Security Act, since January 13, 2009, the date the application
17  was filed (20 CFR 416.920(f)).

18  (Id. at 30-38.)

19        On May 4, 2012, the Appeals Council denied plaintiff's request for review of the

20  ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by

21  filing the complaint in this action on February 23, 2012.

22                                        LEGAL STANDARD

23        "The district court reviews the Commissioner's final decision for substantial

24  evidence, and the Commissioner's decision will be disturbed only if it is not supported by

25  substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir.

26  2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as

27  adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001);

28  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

1        "[A] reviewing court must consider the entire record as a whole and may not

2   affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec.

3   Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th

4   Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either

5   affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari,

6   298 F.3d 1072, 1075 (9th Cir. 2002).

7        A five-step evaluation process is used to determine whether a claimant is disabled.

8   20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

9   process has been summarized as follows:

10              Step one: Is the claimant engaging in substantial gainful activity?  If
                so, the claimant is found not disabled.  If not, proceed to step two.
11
                Step two: Does the claimant have a "severe" impairment?  If so,
12              proceed to step three.   If not, then a finding of not disabled is
                appropriate.
13
                Step three: Does the claimant's impairment or combination of
14              impairments meet or equal an impairment listed in 20 C.F.R., Pt.
                404, Subpt. P, App. 1?   If so, the claimant is automatically
15              determined disabled.  If not, proceed to step four.

16              Step four: Is the claimant capable of performing his past work?  If
                so, the claimant is not disabled. If not, proceed to step five.
17
                Step five: Does the claimant have the residual functional capacity to
18              perform any other work? If so, the claimant is not disabled.  If not,
                the claimant is disabled.
19

20   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

21        The claimant bears the burden of proof in the first four steps of the sequential

22   evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears

23   the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180

24   F.3d 1094, 1098 (9th Cir. 1999).

25                                APPLICATION

26        In his pending motion plaintiff argues that the ALJ committed the following two

27   principal errors in finding him not disabled:  (1) the ALJ improperly rejected medical opinion

28   /////

3

1    evidence; and (2) the ALJ erred by failing to find that plaintiff's condition met or equaled the

2    requirements of Listing 12.05C.

3    **I.        Medical Opinion Evidence**

4               Plaintiff argues that the ALJ erred in rejecting the medical opinions of examining

5    physicians Drs. Kalman and Chellsen.[1]  (Pl.'s MSJ (Doc. No. 15-1) at 7-13.) [2]  In this regard, on

6    September 17, 2010, Psychiatrist Les Kalman examined plaintiff.  (Tr. at 391.)  Dr. Kalman

7    opined, based on his examination, that plaintiff had moderate limitations in his ability to sustain

8    an ordinary routine without special supervision, work in coordination with or proximity to others

9    without being unduly distracted, complete a normal workday and workweek, accept instructions

10   and respond appropriately to criticism, get along with co-workers, use public transportation and

11   set realistic goals or make plans independently of others.  (Id. at 387-89.)  Dr. Kalman also opined

12   that plaintiff had marked limitations in his ability to understand and remember detailed

13   instructions, to carry out detailed instructions, and to interact appropriately with the general

14   public.  (Id. at 387-88.)  Moreover, it was Dr. Kalman's opinion that plaintiff's impairments were

15   sufficiently severe such that plaintiff would be unable to work on more than three or four

16   occasions per month.  (Id. at 390.)

17              Although the ALJ's opinion acknowledged Dr. Kalman's examination and his

18   findings based on that examination, the ALJ ultimately gave "reduced weight" to his medical

19   opinion, stating:

20              I give Dr. Kalman's opinion reduced weight because it overstates
             the claimant's limitations as established by the medical evidence
21              and conflicts with itself.  For example, Dr. Kalman noted the

22   ─────────────────────
     [1]  Plaintiff also argues that the ALJ erred with respect to his treatment of the May 4, 2009,
23   opinion of examining physician Dr. Patrick Wong.  Plaintiff contends that the ALJ failed to
     account for Dr. Wong's finding that plaintiff's pace and level of endurance over an eight hour
24   workday was likely to be disturbed by his difficulties maintaining appropriate behavior
     interpersonally.  (Pl.'s MSJ (Doc. No. 13-1) at 10.)  The ALJ, however, assigned "significant
25   weight" to Dr. Wong's opinion and found that plaintiff's Residual Functional Capacity allowed
     only for "work with limited contact with the public and coworkers."  (Tr. at 31.)  Therefore, the
26   court finds that the ALJ did not err with respect to his treatment of Dr. Wong's opinion.

27
     [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
28   system and not to page numbers assigned by the parties.

4

> claimant had decreased concentration but opined he was only mildly limited in that area of function.  As a further example, the evidence does not suggest the claimant has any difficulty travelling or taking public transportation outside of his difficulty interacting with others.

(Id. at 36.)

An examining physician's uncontradicted opinion may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31. Here, the ALJ's stated reason for rejecting Dr. Kalman's opinion was the ALJ's mere assertion that the opinion overstated plaintiff's limitations "as established by the medical evidence," and "conflict[ed] with itself."  (Tr. at 36.)

The ALJ's stated reason for rejecting Dr. Kalman's opinion, however, is not a specific and legitimate reason supported by substantial evidence in the record.  In this regard,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  See also Reddick, 157 F.3d at 725; Alatorre v. Astrue, No. CV 12-0746 SS, 2013 WL 424727, at *8 (C.D. Cal. Feb.1, 2013) (the ALJ's finding that a medical opinion was "too restrictive" and not supported by "social security rules and regulations" constituted "mere conclusions, with no citation to record evidence" and thus were not "specific or legitimate reasons for rejecting" the opinion).[3]

Similarly, on September 28, 2010, plaintiff was examined by Dr. John Chellsen. (Tr. at 398.)  Dr. Chellsen diagnosed plaintiff as suffering with paranoid schizophrenia, borderline

---

[3]  Moreover, the undersigned does not find any inconsistency between Dr. Kalman's finding that plaintiff had decreased concentration and his finding that plaintiff's functioning in that regard was only mildly limited.  Describing an area of functioning as decreased simply means less than full or total and does not mean that the extent of the limitation is more than mild.  Nor is the court persuaded that a disagreement over whether the evidence showed plaintiff could take public transportation constituted a legitimate reason to reject Dr. Kalman's opinion.

1  intellectual functioning, mixed personality disorder with paranoid, schizotypal and avoidant

2  features and moderate enduring psychosocial stressors.  (Id. at 400.)  Dr. Chellsen opined that

3  plaintiff displayed "mild to moderate personal and moderate to marked social and occupational

4  limitations associated primarily with the unstable nature of his psychiatric disorder."  (Id. at 401.)

5  Moreover, it was Dr. Chellsen's opinion that plaintiff was "likely to remain intolerant to adapting

6  to usual workplace stressors or routines."  (Id. at 402.)

7  Again, the ALJ's opinion acknowledged Dr. Chellsen's examination and findings

8  based thereon but elected to afford Dr. Chellsen's opinion only "moderate weight," stating:

9
> I give Dr. Chellsen's opinion moderate weight because it generally
10
> comports with the evidence showing the claimant had great
> difficulty interacting with others, but his conclusion that the
> claimant had significant limitations of activities and interests is
11
> belied by the claimant's reports of going to school, dating, and
> having friends.
12

13  (Tr. at 36-37.)

14  While purporting to give moderate weight to Dr. Chellsen's opinion, the ALJ

15  failed to either accept or provide specific and legitimate reasons supported by substantial

16  evidence in the record for rejecting Dr. Chellsen's opinion that plaintiff was likely to remain

17  intolerant to adapting to usual workplace stressors or routines.  "The ALJ must consider all

18  medical opinion evidence."  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).  See also

19  Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's

20  RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical

21  records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed

22  to a medically determinable impairment.").  In his treatment of Dr. Chellsen's opinion, the ALJ

23  did not satisfy these standards and thus erred.

24  Accordingly, the court finds that plaintiff is entitled to summary judgment in his

25  favor with respect to his claim that the ALJ's decision to reject the opinions of Drs. Kalman and

26  /////

27  /////

28  /////

6

1   Chellsen was not supported by specific and legitimate reasons supported by substantial evidence

2   in the record.[4]

3                           CONCLUSION

4          With error established, the court has the discretion to remand or reverse and award

5   benefits.[5] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

6   would be served by further proceedings, or where the record has been fully developed, it is

7   appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

8   Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that

9   must be resolved before a determination can be made, or it is not clear from the record that the

10   ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

11   remand is appropriate.  Id. at 594.

12          Here, there are outstanding issues that must be resolved before a disability

13   determination can be made.  In this regard, this case should be remanded so that the ALJ can

14   properly evaluate the medical opinions of Drs. Kalman and Chellsen.  On remand, the ALJ shall

15   properly consider these opinions and provide specific and legitimate reasons supported by

16   substantial evidence in the record if either opinion is rejected.

17          Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

18            1. Plaintiff's motion for summary judgment (Doc. No. 13) is granted;

19            2. Defendant's cross-motion for summary judgment (Doc. No. 16) is denied;

20   /////

21   /////

22   /////

23

24   [4] In light of the analysis set forth above, the court need not address plaintiff's second claim of error that the ALJ failed to find plaintiff's condition met or equaled the requirements of Listing 12.05C.  In this regard, as noted by plaintiff, the "core problem with the ALJ's handling of this

25   issue" was the ALJ's failure to fully credit Dr. Chellsen's opinion. (Pl.'s MSJ (Doc. No. 13-3) at 15.)  The court has determined that this matter must be remanded to allow the ALJ to properly

26   evaluate Dr. Chellsen's medical opinion.

27

28   [5] Plaintiff has requested that this matter be remanded for additional proceedings. (Pl.'s MSJ (Doc. No. 13-1) at 15.)

1           3.  The decision of the Commissioner of Social Security is reversed for the reasons

2  indicated above; and

3           4.  This case is remanded for further proceedings consistent with this order.

4  Dated:  September 12, 2013

5

6                                   DALE A. DROZD

7  DAD:6                               UNITED STATES MAGISTRATE JUDGE
   Ddad1\orders.soc sec\nelson0478.ord.docx

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28